UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARROWOOD INDEMNITY COMPANY,<br><br>Defendant. | NO. C17-1212RSL<br><br>ORDER GRANTING LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on "Costco's Motion for Leave to Amend Complaint." Dkt. # 22. Plaintiff filed this lawsuit in July 2017 seeking a declaration that defendant had a duty to assume obligations under an excess insurance policy issued by its predecessor in interest, Royal Insurance Company of America. Through discovery, plaintiff has apparently concluded that, not only did defendant assume Royal's obligations, but it breached its contractual duties and acted in bad faith when adjusting plaintiff's claims. It now seeks to amend its complaint to add causes of action for breach of contract, bad faith, violation of the Washington Consumer Protection Act, and violations of the Insurance Fair Conduct Act. Defendant opposes the motion, arguing that the motion is untimely under the case management order and that the amendment is improper under Fed. R. Civ. P. 15.

ORDER GRANTING LEAVE TO
AMEND COMPLAINT - 1

The deadline for amending pleadings was originally May 9, 2018, but was extended by stipulation of the parties to June 20, 2018. Plaintiff filed its motion to amend on that date. Because a party cannot control when the Court rules on a particular motion or request for relief, the undersigned views the amendment deadline as the date by which a party must provide a copy of the proposed pleading and request leave to amend. Plaintiff's motion was, therefore, timely. Because plaintiff need not seek an extension of a case management deadline, the good cause standard of Fed. R. Civ. P. 16 does not apply.

Under Fed. R. Civ. P. 15, courts "should freely give leave [to amend] when justice so requires." There is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Defendant opposes the motion to amend on the grounds that it is untimely, the amendment will cause prejudice, and the proposed claims are futile. Defendant's arguments regarding undue delay are based on plaintiff's allegations regarding failures to communicate and investigate that occurred while the underlying litigation was wending its way through the courts and mediation. To the extent plaintiff is asserting claims based on events that occurred years

ORDER GRANTING LEAVE TO
AMEND COMPLAINT - 2

ago, there was certainly some delay. It is unclear, however, whether defendant, the successor of a third layer excess insurer, had any duty to investigate, communicate, defend, or indemnify before the underlying insurance policies were exhausted and/or the insured's obligation to pay the settlement proceeds was triggered. It is entirely possible, as defendant recognizes in its opposition memorandum, that some or all of the claims plaintiff is seeking to assert only recently accrued. Defendant offers no explanation for how plaintiff could unduly delay the assertion of a claim that accrued two months before - or possibly even one month after - the motion to amend was filed.

Defendant also argues that it will be prejudiced by the proposed amendment because (a) the new claims will dramatically expand the scope of relief requested and (b) the discovery and pretrial deadlines are fast approaching. Whereas plaintiff was originally seeking only a declaration of coverage, it now seeks actual and exemplary/treble damages arising from defendant's allegedly wrongful refusal to provide a defense after April 2018 and/or to promptly confirm that it would fund the settlement in July 2018. The original claim could have been decided based primarily on the policy language: the new claims will require additional discovery regarding the insurer's conduct and motivations. The parties' six week stipulated extension of the motion to amend deadline means that there will be less than three weeks remaining in the discovery period by the time this issue is resolved. Any prejudice may be ameliorated by a continuance of the remaining case management deadlines, however.[1]

---

[1] Defendant argues that it would be harmed by any continuance of the trial date because it intends to fund plaintiff's settlement obligations with a contractual right for reimbursement if this coverage dispute is decided in its favor. Thus, the argument goes, "[d]elay in resolving this coverage action would harm Arrowood's recovery of these funds from Costco." Dkt. # 29 at 11. Defendant's interests are presumably protected by the negotiated contract terms: a mere delay in entering judgment for one party or another will not prejudice their legal rights in any way.

ORDER GRANTING LEAVE TO
AMEND COMPLAINT - 3

Finally, defendant argues that the proposed amendments are futile. If the new or revised claims would be immediately subject to dismissal under Rule 12(b)(6), there is no reason to put defendant through the unnecessary expense and delay of responding to the amendment. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (noting that the general rule favoring amendments does not apply if the amendment would be an exercise in futility or subject to dismissal). Because the futility argument arose in the context of a motion for leave to amend, the parties had limited space in which to argue the merits of plaintiff's claims. For purposes of this motion, the Court finds that the proposed allegations are sufficient to allow amendment. With regards to the breach of contract claim, plaintiff specifically alleges that the underlying policy limits were exhausted in April 2018 and that defendant failed to make a timely coverage decision or indemnify plaintiff as required by the terms of its excess policy. Liability typically attaches under excess policies "only after the primary coverage is exhausted" (Diaz v. Nat'l Car Rental Sys., Inc., 143 Wn.2d 57, 63 (2001)), and plaintiff has adequately alleged exhaustion and other facts giving rise to a plausible inference of damage.[2] Plaintiff's bad faith and statutory claims are based on alleged regulatory violations which, if proven, may support the claims asserted. The Court specifically declines to decide at this juncture whether an insured seeking to enforce a duty to defend and/or indemnity under its own policy of insurance is a "first party claimant" for purposes of RCW 48.30.015.

      For all of the foregoing reasons, plaintiff's motion for leave to amend is GRANTED.

---

[2] Defendant argues that there can be no damages associated with the alleged breach because it has agreed to pay the attorney's fees, costs, and settlement amounts at issue. Accepting defendant's representations as true, the agreement to pay was reached only after plaintiff filed its motion to amend and still requires plaintiff to pursue this litigation to a judgment. The proposed allegations give rise to a plausible inference that plaintiff has incurred additional fees and costs associated with defendant's handling of this case, notwithstanding the subsequent agreement to front the settlement funds.

ORDER GRANTING LEAVE TO
AMEND COMPLAINT - 4

Plaintiff shall file and serve its amended complaint within seven days of the date of this Order. An amended case management order extending the discovery and other pretrial deadlines will be issued shortly.

Dated this 7th day of August, 2018.

Robert S. Lasnik
United States District Judge

ORDER GRANTING LEAVE TO
AMEND COMPLAINT - 5