UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| COSTCO WHOLESALE CORP., <br><br> Plaintiff, <br><br> v. <br><br> ARROWOOD INDEMNITY COMPANY. <br><br> Defendants. | Civil Case No. C17-1212RSL <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on the parties' "LCR 37 Joint Submission Regarding Requests for Production." Dkt. # 38. Plaintiff alleges that defendant, a second layer excess insurer, has a duty to pay the costs plaintiff incurred defending and settling an employment discrimination class action claim and that its failure to provide benefits constitutes a breach of the insurance contract, bad faith, and violations of the Washington Consumer Protection Act and the Insurance Fair Conduct Act. Plaintiff seeks production of defendant's complete and unredacted claim file and all claims-handling manuals and guidelines. In addition, plaintiff seeks information regarding the Arrowood employee who was assigned to handle its claim, including her personnel file and bonus/award opportunities, as well as defendant's staffing and structural choices. Through discovery, plaintiff has apparently come to suspect that the claims handler failed to handle the claim with reasonable care and may have been incapacitated, improperly

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 1

motivated, or insufficiently supported when she stopped reviewing communications in a timely manner, closed the claim file without notice to Costco, and left Arrowood without identifying a replacement contact for the insured.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**(1) Request for Production No. 6**

Plaintiff seeks all internal communications regarding defendant's evaluation, investigation, and other handling of plaintiff's claim for insurance benefits. Defendant has produced email files of certain employees and "the non-privileged and non-work product protected portions of its claim file." Dkt. # 38 at 9. The parties have not provided a copy of defendant's privilege log, nor have they provided any evidence regarding the documents withheld or the manner in which defendant maintains its files. It appears, however, that the redacted or withheld documents were part of the claims file.

In the context of first party insurance coverage, an insurer owes a Washington insured a quasi-fiduciary duty to investigate and adjust a claim in good faith. The state Supreme Court has determined that when an insured asserts that the duty has been breached, the insured should have access to the entire claim file: an insurer will not be permitted to refuse production "because of the participation of lawyers hired or employed by the insurers" for fear that a blanket privilege "would unreasonably obstruct discovery of meritorious claims and conceal unwarranted practices." Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686, 696-97 (2013). Thus, there is a presumption in cases of this kind that the attorney-client privilege does not apply as between an insured and its insurer in the claims adjusting process. Id. at 698-99. The insurer can rebut the presumption by showing that its attorney was not engaged in the insurer's quasi-fiduciary functions (*e.g.*, investigating, evaluating, negotiating, or processing the claim). To the extent the insurer is able to show that documents in the claim file seek or reflect legal advice regarding the

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 2

insurer's own liability under the policy, those documents are not subject to the presumption and remain privileged under state law. Id. at 699-700.[1]

Defendant hired Sedgwick LLP when plaintiff notified it in March 2017 that the underlying insurance policies were about to be exhausted. Defendant asserts that it hired outside counsel "to advise [defendant] about its coverage obligations under Washington law and its alleged liability relating to the [class] action. Sedgwick LLP was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim." Dkt. # 38 at 11. No declaration or other evidence is offered in support of these assertions, however.[2] The existing record shows that Sedgwick LLP was hired at exactly the same time as defendant's adjuster, Leif Aus, was busy procuring and reviewing the claim file, issuing updated coverage positions, and requesting additional documents and information from plaintiff. It is Sedgwick LLP's communications with Mr. Aus that were withheld as attorney-client privileged communications. While it is possible that these communications contain legal advice regarding whether or not coverage exists under Washington law or how Arrowood could defend a declaratory judgment action, some or all of the communications may also reflect counsel's participation in and guidance of the quasi-fiduciary tasks of investigation and adjustment. Because the documents appear to be located within the insurer's claim file,[3] they are subject to the presumption that the

---

[1] Even with regards to these documents, however, the insured may pierce the privilege by showing a foundation in fact for its allegation of bad faith. If the insured is able to make a colorable showing that the insurer attempted in bad faith to defeat a meritorious claim for coverage, the privilege is waived, and the entire claim file must be produced. Id. at 700.

[2] Defendant refers to Mr. Aus' testimony in this matter, but has not provided a deposition transcript or a declaration.

[3] The Cedell court advised insurers to set up and maintain separate files for adjustment and non-adjustment activities in order to avoid the wholesale waiver of the privilege. Id. at 699 n.5. Had defendant heeded this advice, Cedell would offer plaintiff only limited relief. There is no indication that the Supreme Court considered, much less decided, whether the waiver would extend beyond the claims

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 3

attorney-client privilege does not apply as between the insured and its insurer in the claims adjusting process. The Court will, nevertheless, review the withheld and redacted documents *in camera* to forestall an inadvertent disclosure of privileged materials.

Plaintiff sought an order compelling the production of documents withheld on the basis of the attorney-client privilege. Defendant points out that while Washington law and <u>Cedell</u> apply to claims of attorney-client privilege, Fed. R. Civ. P. 26(b)(3) governs its assertions of work-product protection. <u>Schreib v. Am. Family Mut. Ins. Co.</u>, 304 F.R.D. 282, 285 (W.D. Wash. 2014). The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). If a document serves dual purposes, meaning that it was not prepared exclusively for litigation, the issue is whether the document was created "because of" the litigation as opposed to for some other purpose. <u>United States v. Richey</u>, 632 F.3d 559, 567 (9th Cir. 2011). Defendant, as the party withholding materials under an assertion of privilege, has the burden of proving that the privilege applies. <u>Aecon Bldgs., Inc. v. Zurich N. Am.</u>, 253 F.R.D. 655, 659-660 (W.D. Wash. 2008). It has not, however, discussed a single document in the joint submission or otherwise justified its withholdings under Rule 26(b)(3). Defendant, having made no attempt to show that the documents at issue were "prepared in

---

file to an insurer's separate litigation files in <u>Cedell</u>. Rather, the Supreme Court's analysis suggests that the waiver would not reach otherwise privileged communications between an insurer and its bad faith litigation counsel if they were not co-mingled with the claims file materials. The <u>Cedell</u> presumption against the existence of privileged material as between an insured and its insurer applies only in the context of first-party claims adjustment and is warranted because the insurer owes a quasi-fiduciary duty to the insured as it undertakes the normal activities involved in adjusting a claim. In that context, an attorney's involvement in those activities will not shield the file from discovery. But there is no quasi-fiduciary duty between the insured and the insurer with regards to litigation activities and no reason to suspect that the <u>Cedell</u> presumption would be extended to an insurer's communications with litigation counsel if those communications were maintained in a separate file.

anticipation of litigation or for trial," cannot avoid production based on an unsupported claim of work product.

**(2) Training Manuals and Claims-Handling Guidelines**

Request for Production No. 7 requests "all training manuals, guidelines, claims manuals, policies, and/or other documents intended to aid and/or instruct your representatives and/or employees in the handling and/or adjustment of claims against policies of the same type" as the one at issue here. Defendant initially refused to produce any responsive documents on relevance and overbreadth grounds, but relented during the drafting of the joint submission. Plaintiff requests "sanctions in the form of fees for having to initiate this motion." Dkt. # 38 at 14.

The LCR 37(a)(2) process forces litigants to discuss their areas of disagreement before presenting them to the Court in much the same way as the meet and confer requirement of Fed. R. Civ. P. 37(a)(1). If those processes are successful and the documents are produced without Court intervention, there is no need to make them the subject of a motion to compel or a joint submission. For whatever reason, plaintiff opted to seek to compel the production of documents that were produced during the meet and confer process. Plaintiff may not recover the costs of filing an unnecessary request for relief.

**(3) Personnel File and Termination-Related Documents**

Plaintiff seeks production of the personnel file of Linda Murray, the employee who handled plaintiff's claim until December 2015, and all documents related to her retirement or departure from Arrowood. Defendant argues that disclosure of Ms. Murray's personnel file would constitute an invasion of her privacy and/or would be irrelevant. Assuming, for purposes of this motion, that defendant has standing to assert a former employee's privacy rights, there is a protective order in place which is hereby amended to include any documents produced in response to supplemental Requests for Production 1 and 2. The privacy concerns are largely ameliorated by the protective order, and balancing the remaining concerns against plaintiff's

need for the information militates in favor of production. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted."). For reasons as yet unknown, Ms. Murray apparently closed plaintiff's claim file without notice to the insured and conducted limited file updates and reviews from April 2014 to her retirement in December 2015. When she left the company, she failed to provide the insured with a new contact. Why these things occurred - whether prompted by defendant's policies and the subject of commendation/awards or whether caused by absences or some other dereliction of duties and standards imposed by the insurer - is unclear and relevant to plaintiff's bad faith claims. Plaintiff's need for the information contained in the personnel file and communications regarding Ms. Murray's termination or retirement outweigh the privacy concerns, especially in light of the existing protective order, as amended herein.

**(4) Bonus or Award Policies**

Defendant states that it has produced the only documents responsive to supplemental Request for Production No. 3. Plaintiff does not contest that assertion.

**(5) Consolidation of Internal Departments**

In the process of drafting the LCR 37(a)(2) submission, defendant produced the requested documents referring or relating to the consolidation of its Environmental Claim Department and its Major Case Unit. Plaintiff may not recover the costs of filing an unnecessary request for relief.

**(6) Staffing Reductions**

Plaintiff seeks production of all documents regarding staffing reductions or the number of claims assigned to each claim handler during the relevant period. Defendant initially objected on relevance and confidentiality grounds and refused to produce any documents in response to supplemental Request for Production No. 5. Defendant subsequently agreed to produce

documents sufficient to show staffing levels during the period in which Ms. Murray handled the claim, but has not yet done so. Defendant shall produce responsive documents within seven days of the date of this Order.

**(7) Status of Claims or Cases**

Supplemental Request for Production No. 6 seeks "all documents referring or relating to the status of all claims or cases reflected in Bates TCF 005389 - TCF 005391." Dkt. # 38 at 16. Plaintiff implicitly acknowledges that claims made or cases involving other insureds are not relevant, but argues that defendant must produce an unredacted list of the claims or cases so that it can determine whether its claim was identified as needing special attention. Defendant states, however, that "the redactions that appear on Exhibit A, Schedule B and Schedule C of Ms. Murray's transition standards and expectations document refer to claims or cases unrelated to Costco or the Ellis claim." Dkt. # 38 at 20. There is no evidence or argument suggesting that this assertion is untrue, and plaintiff has not identified any other relevance of the requested information. No further production will be ordered.

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED in part. Arrowood shall review its privilege log to ensure that its designations are consistent with Cedell and this order. Within fourteen days of this Order, any documents or portions of documents that reflect Sedgwick LLP's participation in the insurer's quasi-fiduciary functions (*e.g.*, investigating, evaluating, negotiating, or processing the claim) shall be produced to plaintiff, and unredacted copies of any documents for which the attorney-client privilege is deemed appropriate shall be delivered to chambers for *in camera* review (along with a copy of the updated privilege log). Within seven days of this Order, defendant shall produce (a) Ms. Murray's personnel file and any termination or retirement-related documents responsive to supplemental Requests for Production Nos. 1 and 2 and (b) documents sufficient to show

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 7

staffing levels during the period in which Ms. Murray was handling plaintiff's claim in response to supplemental Request for Production No. 5.

Dated this 14th day of September, 2018.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 8