# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

COSTCO WHOLESALE CORPORATION,

Plaintiff,

v.

ARROWOOD INDEMNITY COMPANY,

Defendant.

NO. C17-1212RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL

This matter comes before the Court on "Plaintiff Costco's Motion to File Under Seal" an unredacted version of its motion for summary judgment and certain exhibits in support of that motion. Dkt. # 61. Costco argues that the documents are protected by the attorney-client privilege or work product doctrine, were prepared for mediation purposes in the underlying litigation, and/or are the subject of a confidentiality agreement. Defendant Arrowood Indemnity Company, whom Costco has sued to recover the fees and costs incurred in settling the underlying litigation, opposes the seal with the exception of a single document, Exhibit 54 to the Declaration of Nicholas Brown (Dkt. # 66 at 209-10), which contains medical information regarding one of Arrowood's employees.

Costco filed this lawsuit in July 2017 seeking a declaration that Arrowood has a duty to insure under an excess insurance policy issued by its predecessor in interest, Royal Insurance

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO FILE UNDER SEAL - 1

Company of America. Throughout the underlying litigation and settlement, Costco shared information - including its attorneys' summaries of the claims against it, the parties' settlement negotiations, the relative positions of the parties, and the prospects for a negotiated resolution - with its insurers. An insured is contractually obligated to cooperate with and provide notice to the insurer if it hopes to obtain the benefits of an insurance policy. Under both Fed. R. Civ. P. 26(b)(4) and Washington law, statements by an insured to its insurer in anticipation of litigation and/or in the hopes of obtaining a defense are generally protected by the work product doctrine. Heidebrink v. Moriwaki, 104 Wn.2d 392, 400-01 (1985).

Arrowood argues that Costco waived any protections that may have applied to its communications with the underlying insurers when it filed this lawsuit and put the protected communications at issue. A waiver occurs when "(1) the assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to its defense." Pappas v. Holloway, 114 Wn.2d 198, 207-08 (1990). The third prong of the analysis is not satisfied here. Costco has not refused to produce the communications to Arrowood or otherwise denied it access to information it needs to defend itself in this litigation. Rather, Costco appropriately produced the information it had previously shared with the underlying insurers under a claim of confidentiality. Arrowood may review, evaluate, and utilize this information in any way it sees fit, but the information is still work product and will be

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO FILE UNDER SEAL - 2

shielded from public view.[1]

Costco also seeks to file under seal six documents, Exhibits 15, 33, 34, 36, 38, and 51 to the Declaration of Nicholas Brown (Dkt. # 66), which it argues were prepared for mediation purposes or are subject to a confidentiality provision in the underlying settlement agreement. Only Exhibit 15 appears to fall into the first category: it consists of two cover letters transmitting an August 2013 proposal from the mediator. Costco cites to Cal. Evid. Code § 1119 for the proposition that all mediation materials and communications are immune from discovery, but does not explain why that rule would be applicable here. The underlying litigation was a federal case, as is this one. It appears, therefore, that Fed. R. Ev. 408 provides the governing standard. Under that rule, settlement discussions are not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction . . . ." If Costco is attempting to utilize the mediator's proposal for one of the forbidden purposes, it is inadmissible. If it is using the proposal for some other purpose, Rule 408 imposes no bar or limitation. Costco has not justified filing Exhibit 15 under seal.

Exhibits 33, 34, 36, 38, and 51 are communications between Costco and Arrowood regarding Costco's demand for coverage and Arrowood's analysis and determination of the request. Exhibit 34, for example, consists of two copies of a reservation of rights letter from Arrowood dated June 1, 2017, in which Arrowood notifies Costco that certain fees and costs are

---

[1] Microsoft Corp. v. Fed. Ins. Co., C01-1815C, 2003 WL 24330082, at *2 (W.D. Wash. Feb. 14, 2003), does not compel a different result. In that case, the work product of litigation counsel was being withheld from the insurer that was being asked to pay the fees. Not surprisingly, the Honorable John C. Coughenour ordered the law firms to produce the documentation supporting their billing invoices. There is no indication whether those documents would be treated as confidential vis-a-vis third parties or the public, which is the issue in this case.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO FILE UNDER SEAL - 3

not "defense costs" or "losses" covered by the policy, that Costco failed to comply with the policy's notice and consent provision, that the attorney's fees incurred in arbitration are unreasonable, that Arrowood's liability is limited by the "Settlement Opportunity" provision of the policy, and that additional information is needed. Dkt. # 66 at 166-90. In explaining why it believes the costs associated with the arbitration are unreasonable and not covered by the policy, Arrowood refers to a settlement amount separately negotiated with one class member and the cumulative and average attorney's fees and award amounts incurred (or expected to be incurred) in arbitration. This information is too general to fall within the confidentiality provision of the settlement agreement, which applies to the actual "awards" and "award amounts" each claimant obtained in an arbitral proceeding initiated under the settlement. Dkt. # 64-1 at 46 and 63. Costco cannot use the confidentiality provision of the settlement agreement to shield all discussions regarding the expenses and costs of arbitration from public view.

For all of the foregoing reasons, plaintiff's motion for leave to file documents under seal (Dkt. # 61) is GRANTED in part and DENIED in part. In light of the Court's rulings, the redactions to the public version of plaintiff's motion for summary judgment (Dkt. # 62) are too broad: plaintiff may, within seven days of the date of this Order, file a revised redacted version consistent with the parameters set forth above. The unredacted exhibits to the Declaration of Gerald Maatman (Dkt. # 67) shall remain under seal. Because of the way in which the exhibits were filed, the Clerk of Court is unable to unseal only some of the exhibits attached to the Declaration of Nicholas Brown. Plaintiff shall, within seven days of the date of this Order, file an unsealed version of the declaration and Exhibits 15, 33, 34, 36, 38, and 51. Assuming the

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO FILE UNDER SEAL - 4

public gets access to an appropriately redacted motion and the non-confidential exhibits through new filings, Dkt. # 65 and # 66 will remain sealed.[2]

Dated this 28th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Regardless, Exhibit 54 to the Declaration of Nicholas Brown will remain under seal.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO FILE UNDER SEAL - 5