# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

COSTCO WHOLESALE CORPORATION,

Plaintiff,

v.

ARROWOOD INDEMNITY COMPANY,

Defendant.

NO. C17-1212RSL

ORDER GRANTING IN PART DEFENDANT'S MOTION TO FILE UNDER SEAL

This matter comes before the Court on Arrowood Indemnity Company's "Motion to File Under Seal" an unredacted version of its motion for summary judgment and certain exhibits in support of that motion. Dkt. # 51. Arrowood does not believe that any of the information or exhibits should be protected from public view but filed the motion pursuant to the terms of the protective order entered in this case so that Costco would have an opportunity to justify its designations.

Costco acknowledges that the Declaration of Alexander E. Potente and the attached exhibits (Dkt. # 55) are not confidential and may be unsealed.

As to the other documents Arrowood filed under seal, Costco directs the Court to the reply it filed regarding its own motion to seal. The documents are not mentioned in the reply by docket number, however, and Costco makes no effort to show that any particular document at

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO FILE UNDER SEAL - 1

issue in this motion should be protected from public view. The only argument explicitly raised is that there are "eleven exhibits filed under seal that the parties could not reach agreement on and therefore needed to remain confidential." Dkt. # 69 at 3. The fact that Costco would not agree to remove its confidentiality designations does not necessarily mean that the document is, in fact, confidential.

The Court assumes that Costco is raising the same privilege, mediation, and settlement agreement arguments it raised in support of its own motion to file under seal. For the reasons stated in the Order Granting in Part Plaintiff's Motion to File Under Seal, Costco's disclosure of information to its insureds - including its attorneys' summaries of the claims against it, the parties' settlement negotiations, the relative positions of the parties, and the prospects for a negotiated resolution - are generally protected by the work product doctrine and need not be made available to the public. Costco has not, however, justified its efforts to keep its insurers' objections/coverage determinations hidden from the public, nor has it addressed the "Costco Project Review" PowerPoint presentation slides. Exhibits 14, 15, and 30 to the Declaration of Leif T. Aus will, therefore, be unsealed.

Costco has also designated the declaration and expert reports of two of Arrowood's experts as confidential. Having reviewed the documents, it appears that the designations are based on references to "awards" and/or "award amounts" that are subject to a confidentiality provision in the underlying settlement agreement. See, e.g., Dkt. # 54-9 at 34 (referencing the outcome of the Brunson arbitration and Appendix B); Dkt. # 56-1 at 26 (two columns indicating which side won in arbitration). As discussed in the companion order, general references to costs and expenses incurred in litigation, negotiated settlement amounts, or the average amount of

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO FILE UNDER SEAL - 2

arbitration awards are too general to fall within the confidentiality provision of the settlement agreement. Only references to the actual "awards" and "award amounts" each claimant obtained in an arbitral proceeding initiated under the settlement agreement are properly designated as confidential. Costco may, if it chooses, file redacted versions of the expert declaration, reports, and exhibits.

For all of the foregoing reasons, defendant's motion for leave to file documents under seal (Dkt. # 51) is GRANTED in part and DENIED in part. In light of the Court's rulings, the redactions to the public version of plaintiff's motion for summary judgment (Dkt. # 57) are too broad: defendant shall, within seven days of the date of this Order, file a revised redacted version consistent with the parameters set forth above. The Clerk of Court is directed to unseal Dkt. # 54-5, # 54-6, and Dkt. # 54-8. Plaintiff may file revised redacted versions of Dkt. # 54-9 and # 56 within seven days of the date of this Order. Assuming the public gets access to an appropriately redacted version of the expert declarations, reports, and exhibits through new filings, Dkt. # 54-9 and # 56 will remain sealed.

Dated this 28th day of November, 2018.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO FILE UNDER SEAL - 3