UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORP., <br><br> Plaintiff, <br><br> v. <br><br> ARROWOOD INDEMNITY COMPANY. <br><br> Defendants. | Civil Case No. C17-1212RSL <br><br> ORDER FOLLOWING IN CAMERA REVIEW |

This matter comes before the Court on an in camera review of portions of Arrowood's claims file. Because Costco has not a provided a factual foundation for its allegation that Arrowood attempted in bad faith to defeat a meritorious claim for relief, the issue for the Court is whether the documents reflect (a) outside counsel's participation in the insurer's quasi-fiduciary functions of investigation, adjustment, and processing or (b) requests for and/or provision of legal advice regarding Arrowood's rights and obligations under the policy and Washington law. If the former, the attorney-client privilege does not apply under Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686 (2013), and production is appropriate. If the latter, the privilege applies and the document will not be produced.

Having reviewed the documents submitted in camera, Arrowood's revised privilege log, and the letters of the parties, the Court finds that many of the communications reflect activities that the insurer normally undertakes to investigate the claim but which, in this case, were farmed

ORDER FOLLOWING IN CAMERA REVIEW - 1

out to counsel, such as collecting collection information regarding the underlying litigation/arbitrations, the relevant policy provisions, and prior claims handling activities, obtaining documents from the insured, and/or contacting other insurers in an attempt to understand how the mediation and settlement process worked out. Some of the communications reflect claims handling and adjustment activities discussed with counsel, such as whether Arrowood should attempt to work with other insurers, offer a settlement, or update its position vis-a-vis the insured. Where there is no analysis of the coverage issues or provision of legal advice regarding rights and obligations under the policy, production will be required: simply asking an attorney's advice about the insurer's quasi-fiduciary activities is not enough to clothe the communication with the privilege. Under Cedell, the presumption is that documents found in the claims file will be produced, and it is Arrowood's burden to show that a particular communication is protected by the attorney-client privilege.

Arrowood is hereby ORDERED to produce documents within seven days of the date of this order as follows:

| No. | Bates | Produce | Withhold | Produce with Redactions |
|---|---|---|---|---|
| 1 | TCF 5114-15 | X | | |
| 2 | TCF 5116-36 | X | | |
| 3 | TCF 5137-38* | X | | |
| 4 | TCF 2623* | X | | |
| 5 | TCF 5146-47* | X | | |

---

* Arrowood states that it has already produced the remainder of this document. If that is not the case, the remainder shall be produced as well.

ORDER FOLLOWING IN CAMERA REVIEW - 2

| No. | Bates | Produce | Withhold | Produce with Redactions |
|---|---|---|---|---|
| 6 | TCF 5153-55** | X | | |
| 7 | TCF 5161-63 | X | | |
| 8 | TCF 5164** | X | | |
| 9 | TCF 5167-68** | X | | |
| 10 | TCF 5171-72 | | X | |
| 11 | TCF 2713 | X | | |
| 12 | TCF 5190-5208 | | | X - redact Analysis and Conclusion sections starting on TCF 5204 |
| 13 | TCF 5212 | | | X - redact first sentence of email |
| 14 | TCF 5213 | X | | |
| | TCF 5214 | | | X - redact first paragraph of email |
| | TCF 5215 | | | X - redact first sentence of email |
| 15 | TCF 5217-18 | X | | |
| 16 | TCF 5219-64 | | | X - redact Analysis and Conclusion sections starting on TCF 5239 and the Executive Summary starting on TCF 5255 |
| 17 | TCF 5265-67 | X | | |
| 18 | TCF 5268** | X | | |
| 19 | TCF 5271-72** | X | | |

---

\*\*  Arrowood states that it has already produced the remainder of this document. If that is not the case, the remainder shall be produced as well.

ORDER FOLLOWING IN CAMERA REVIEW - 3

| No. | Bates | Produce | Withhold | Produce with Redactions |
|---|---|---|---|---|
| 20 | TCF 5275-77*** | X | | |
| 21 | TCF 5291-92*** | | X | |
| 22 | TCF 5319-20*** | X | | |
| 23 | TCF 5297-5300 | | | X - redact contents of Celebrezze's June 1, 2017 email |
| 24 | TCF 5301-03 | X | | |
| 25 | TCF 5304 | | X | |
| | TCF 5305 | | | X - redact first seven lines of text |
| | TCF 5306-08 | X | | |
| 26 | TCF 5310 | | | X - redact all but the last two lines of text |
| | TCF 5311-14*** | X | | |
| 27 | TCF 5363-67 | X | | |
| 28 | TCF 5357-5362 | X | | |
| 29 | TCF 5368 | | X | |
| | TCF 5369-71 | X | | |
| | TCF 5372-86 | | X | |
| 30 | TCF 3220 | | X | |

---

*** Arrowood states that it has already produced the remainder of this document. If that is not the case, the remainder shall be produced as well.

ORDER FOLLOWING IN CAMERA REVIEW - 4

1 | Dated this 10th day of January, 2019.

*Robt S Lasnik*
Robert S. Lasnik
United States District Judge