UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARROWOOD INDEMNITY COMPANY,<br><br>Defendant. | NO. C17-1212RSL<br><br>ORDER DENYING MOTION TO CERTIFY AN INTERLOCUTORY APPEAL |

This matter comes before the Court on defendant's "Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Request for a Stay of Proceeding Pending Appeal." Dkt. # 130. Defendant requests leave to immediately appeal the Court's determination that, for exhaustion purposes, an excess insurer is generally bound by the underlying insurers' decisions to pay "Loss" under their policies. Dkt. # 126 at 9-13. Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That

ORDER DENYING MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL - 1

application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir.1982)). While the appeal need not have a final, dispositive effect on all issues raised in the litigation, the district court must be of the opinion that it would "materially advance the ultimate termination of the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681 (9th Cir. 2011).

That is not the case here. First, the record before the Court does not support a finding regarding the amount of the alleged overpayments. Without that information, it is impossible to conclude that the resolution of this dispute would materially impact the outcome or judgment in this case. Second, the dispute is not substantial. The only authority that supports Arrowood's interpretation of the policy language is found in unpublished decisions from Minnesota.[1] Washington's rules for interpreting insurance policies, as well as the majority of the relevant case law and treatises, lead to the conclusion that, for exhaustion purposes, an excess insurer is bound by the underlying insurers' determination that a particular invoice falls within the coverage provision of the policy and should be paid. Finally, interlocutory review of a single issue related to Costco's contract claim will not materially advance the ultimate termination of

---

[1] Arrowood's citation to Allmerica Fin. Corp. v. Certain Underwriters at Lloyd's, 871 N.E.2d 418, 428-29 (Mass. 2007), is unpersuasive. Allmerica stands for the proposition, accepted by the undersigned at Dkt. # 126 at 9-10, that excess insurers are free to make their own coverage and settlement decisions. It does not, however, support the proposition that the excess insurer can seek to undo or invalidate the coverage decisions of the underlying insurers in order to argue that the underlying limits were not, or should not have been, exhausted.

ORDER DENYING MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL - 2

the litigation and all but guarantees multiple appeals. This is not the type of exceptional case in which an interlocutory appeal will conserve resources or promote judicial economy. The request for certification under § 1292(b) is therefore DENIED.

Dated this 29th day of May, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL - 3